UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MERCANTILE ADJUSTMENT BUREAU, LLC,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff CHRISTIAN RODRIGUEZ (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Law Office of Alan J. Sasson, P.C., against Defendant MERCANTILE ADJUSTMENT BUREAU, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code,

1

commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with a principal place of business located in Williamsville, New York.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    - All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed to or allegedly owed to Capital One, N.A., that contain the alleged violation arising from Defendant's violation of 15 U.S.C. §1692e, *et seq*.

    - The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of

2

persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **ALLEGATIONS OF FACT**

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

14. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection

Letter to Plaintiff seeking to collect an unpaid debt allegedly owing to Capital One, N.A.

15. On or around May 6, 2016 Defendant sent Plaintiff a collection letter. *See* **Exhibit A.**

16. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

18. Said letter states that "We will accept $339.00 if payment is received by 06/21/2016."

19. As a result of the following Counts Defendant violated the FDCPA.

<u>**First Count**</u>
<u>**Violation of 15 U.S.C. §§ 1692e,** *et seq*</u>
<u>**False or Misleading Representations as to the Rights of the Consumer**</u>

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

22. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

23. Collection letters are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

24. Said offer falsely states or implies that the respective settlement offer is valid only if "$339.00…is received by 06/21/2016."

25. Statements that a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

26. Such false statements are materially false statements, as they impart in the

unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited time opportunity, when in reality, there is no such time limit.

27. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters: As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

28. Defendant did not use the safe harbor language in its communication to Plaintiff.

29. Upon information and belief, the deadline in Exhibit A to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

30. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

32. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

33. The statement in Defendant's May 6, 2016 Letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

34. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

## Second Count
## Violation of 15 U.S.C. § 1692e, *et seq*
## False or Misleading Representations as to the Rights of the Consumer

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

38. Collection letters are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

39. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

40. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.[1]

41. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

---

[1] *Pipiles v. Credit Bureau of Lockport, Inc*., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); *Russell v. Equifax A.R.S*., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

42. The language in the letter that states "Please be aware that if the amount of principal debt forgiven is equal to or greater than $600.00, our client may be required by law to report the forgiven debt to the IRS and issue a form 1099c" is a deceptive and misleading statement in violation of the FDCPA.

43. Here, the balance due and the settlement offer are not greater than the $600.00 IRS disclosure requirement; therefore, Defendant's statement regarding tax consequences is irrelevant and misleading in violation of the FDCPA.

44. Although Defendant had no duty to disclose any potential tax ramifications,[2] when Defendant chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to the tax consequences.

45. If the creditor legitimately wishes to give tax advice in a sincere manner, one that does not mislead the consumer, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

46. The creditor should also specify what amount is principle and what part of it is interest. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

47. Here, because the settlement offer is not greater than $600.00, Defendant's statement regarding tax consequences is irrelevant.

---

[2] See. *Altman v. J.C. Christensen & Assocs.*, 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015). "[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.")

48. Therefore, Defendant misrepresented the law by including a clause about an amount of debt higher than that owed by Plaintiff.

49. The gratuitous reference in Defendant's letter that its client may contact the IRS regarding a negotiated resolution to the debt at issue in this letter is a collection ploy suggesting to the "least sophisticated consumer" that he or she could get in trouble with the IRS if the debt is settled for less than the full amount.

50. The statement in said May 6, 2016 letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

51. Such a statement is entirely unfounded, misleading and deceitful in violation of 15 U.S.C. § 1692e(5), and is the very kind of abusive debt collection practice that the FDCPA was designed to eradicate.

52. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Law Office of Alan J. Sasson, P.C., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

  (f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 10, 2016

            Respectfully submitted,

            By: /s/ Alan J. Sasson
            Alan J. Sasson, Esq. (AS8452)
            Law Office of Alan J. Sasson, P.C.
            2687 Coney Island Avenue, 2nd Floor
            Brooklyn, New York 11235
            Phone: (718) 339-0856
            Facsimile: (347) 244-7178
            *Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

            */s/ Alan J. Sasson*
            Alan J. Sasson, Esq.

Dated: June 10, 2016